EDWIN S. MORGAN, Appellant, *v.* INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Respondent.

Argued February 27, 1951; decided May 24, 1951.

436

*Jacob Freed Adelman* for appellant. I. The evidence presented a question of fact for the jury as to the cause of death and its verdict for plaintiff is conclusive and supported by the evidence. (*Lewis* v. *Ocean Accident & Guar. Corp.*, 224 N. Y.

18; *Marchi* v. *Ætna Life Ins. Co.*, 205 N. Y. 606; *Gallagher* v. *Fidelity & Cas. Co. of N. Y.*, 163 App. Div. 556, 221 N. Y. 664; *Burr* v. *Commercial Travelers Mut. Accident Assn.*, 295 N. Y. 294; *Gittelson* v. *Mutual Life Ins. Co. of N. Y.*, 266 App. Div. 141; *Wolfson* v. *Metropolitan Life Ins. Co.*, 289 N. Y. 70; *MacNair* v. *Commercial Travelers Mut. Accident Assn.*, 275 N. Y. 630; *McGrail* v. *Equitable Life Assur. Soc.*, 292 N. Y. 419; *Matter of Connelly* v. *Hunt Furniture Co.*, 240 N. Y. 83; *Silverstein* v. *Metropolitan Life Ins. Co.*, 254 N. Y. 81; *Foley* v. *State of New York*, 294 N. Y. 275; *Mulvihill* v. *Commercial Cas. Ins. Co.*, 221 App. Div. 494, 248 N. Y. 524.) II. The policy in suit permits recovery where death results from an accident, or from accidental means " independent of all other causes ". (*French* v. *Fidelity & Cas. Co.*, 135 Wis. 259; *Isitt* v. *Railway Passengers' Assur. Co.*, 22 Q. B. D. 504; *Carroll* v. *Fidelity & Cas. Co.*, 137 F. 1012.)

*Dennis L. O'Connor, George A. Garvey* and *James I. McGuire* for respondent. I. The law of the case was correctly determined by the courts below, namely, that if acute alcoholism either concurred in or contributed to decedent's death as a proximate cause there can be no recovery under the policy. II. As decedent's death was due to two causes, barbiturate poisoning and acute alcoholism, as a matter of law it was not within the terms of the insurance policy as it did not result directly and independently of all other causes from bodily injuries sustained solely through accidental means. (*Powley* v. *Equitable Life Assur. Soc.*, 284 N. Y. 664.) III. The trial court erroneously submitted the issues to the jury by permitting the jury to speculate as to what the possible effects of the poison might have been regardless of decedent's state of acute alcoholism. IV. A death which occurs from an overdose of sleeping pills and from acute alcoholism, as a matter of law is not a death resulting directly and independently of all other causes from bodily injuries effected solely through accidental means. V. There is no evidence in the record or in fact to support appellant's contention that decedent died solely, directly and exclusively by barbiturate poisoning exclusively of all other causes and therefore the Appellate Term erred in granting a new trial.

Dye, J. The plaintiff's wife, Evelyn French Morgan, died under circumstances claimed to be covered by a standard accident insurance policy issued on her life by the defendant insurance company. A judgment entered on a jury verdict in favor of plaintiff as named beneficiary has been set aside and the complaint dismissed for alleged failure to establish compliance with the policy condition rendering the company liable against loss " resulting directly and independently of all other causes from bodily injuries sustained ' *    *    * and effected solely through accidental means ".

The proof deemed insufficient, established without contradiction that on December 7, 1946, the insured, age thirty-four, with her husband and several mutual friends, spent the evening in a round of social activities at which alcoholic beverages were consumed. The insured and her husband returned on foot to their apartment about 1:30 A.M. Before retiring for the night the insured took some sleeping pills " because her foot hurt and she wanted to be sure to sleep ". When her husband was unable to arouse her between 4:30 and 5:00 A.M., aid was summoned and she was pronounced dead by the ambulance physician. An autopsy performed at the city mortuary within a few hours by qualified physicians revealed a normal physique for a woman of her age, with general visceral congestion. Chemical analysis of the vital organs by a qualified toxicologist showed the presence of alcohol 0.15% indicating acute alcoholism, but whether enough by itself to have caused death was doubtful as there was medical testimony that a lethal quantity under 0.6% depends on individual tolerance in a given case. It also showed the presence of amytal (a barbiturate acid derivative) 4.5 mgs., an amount equal to a triple lethal dose and sufficient in itself, independent of the presence of other items, to cause death. The deputy chief medical examiner noted in his report that death was due to " Barbiturate (Amytal) Poisoning. circumstances undetermined. contributory Acute Alcoholism."

Because elements exist, either one of which alone could have been the cause " of death ", a sharp question is raised as to whether recovery under the policy may be defeated because the policy condition uses the phrase " directly and independently *    *    * effected solely through accidental means ". We think

not. Whether death results from accidental causes or accidental means no longer makes any distinguishing difference (*Burr* v. *Commercial Travelers Mut. Accident Assn.*, 295 N. Y. 294). Ordinarily, death solely from overindulgence of alcoholic beverages is not considered accidental (*Powley* v. *Equitable Life Assur. Soc.*, 257 App. Div. 324, affd. 284 N. Y. 664). On the other hand, death caused solely by barbiturate poisoning may be so considered (*Mansbacher* v. *Prudential Ins. Co.*, 273 N. Y. 140 [veronal]; *Meyer* v. *New York Life Ins. Co.*, 249 App. Div. 243, appeal discontinued 276 N. Y. 557 [sodium ortal]). Whether under the circumstances of this case death resulted directly and independently from barbiturate (amytal) poisoning was a question for the jury, particularly where there is competent medical testimony that the amytal by itself was sufficient to cause death independent of other elements present. ·

The judgments should be reversed and a new trial granted, with costs to abide the event.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, FULD and FROESSEL, JJ., concur.

Judgments reversed, etc. [See 302 N. Y. 940.]